UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL J. CRONIN,**

    **Plaintiff,**

v.                                            **Case No: 5:14-cv-167-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Vacate (Doc. 27) and Plaintiff's Consent Petition for Attorney Fees. (Doc. 28). After this Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings (Doc. 23), Plaintiff timely filed his first petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 25), which I granted on July 22, 2015 and awarded fees in the amount of $4,599.00. (Doc. 26). Now, Plaintiff seeks to vacate that Order because his petition requested the wrong amount of fees. (Doc. 27). Upon due consideration, Plaintiff's motion (Doc. 27) is **GRANTED** and the Court's July 22, 2015 Order (Doc. 26) is hereby **VACATED**.

Plaintiff has also filed an unopposed amended petition for attorney's fees in which he seeks the correct amount of fees – $4,077.78, plus $400.00 for the filing fee. (Doc. 28). The attached schedules of hours confirm the attorney hours. (Doc. 28-1). Plaintiff represents that the Commissioner has no objection to his petition. Plaintiff asserts that he is the prevailing party in

this litigation, that the Commissioner's position in the underlying action was not substantially justified and that his net worth at the time proceeding was filed was less than two million dollars.[1]

Plaintiff attached a copy of the fee agreement (Doc. 25-3), which includes Plaintiff's assignment of EAJA fees to his counsel.  In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's second petition for attorney's fees (Doc. 28) is hereby **GRANTED**.  Plaintiff is awarded attorney's fees plus the filing fee, for a total amount of **$4,477.78.**  Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on August 12, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).