## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MICHAEL J. CRONIN,**

      **Plaintiff,**

**v.**                                                                  **Case No: 5:14-cv-167-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

      **Defendant.**

_____

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Attorney Fees under 42 U.S.C.
§ 406(b) in the amount of $42,225.47.  (Doc. 31).   As set forth below, the motion is due to be
granted.

### I.     BACKGROUND

This case has been around awhile—Plaintiff filed his initial claim for disability benefits
twenty years ago to the day and the operative claim here was filed almost fifteen years ago.  (Doc.
11 pp.56–58, 419–21).   Plaintiff's memorandum in opposition to the Commissioner's underlying
decision describes the procedural history well.  (Doc. 19 pp.2–3).   Although I will not outline
this case's legacy in detail, I do note that in addition to the instant action, Plaintiff's counsel, Shea
A. Fugate, has represented him, successfully, in two previous federal actions during the time that
his disability claims have worked their way to culminating here.   *See Cronin v. Comm'r of Soc.
Sec.*, 5:06-cv-00071-WTH-GRJ at Doc. 12 (M.D. Fla. Jan. 10, 2007) (granting the Commissioner's
motion for voluntary remand); *Cronin v. Comm'r of Soc. Sec.*, 6:10-cv-01765-DAB at Doc. 22

(M.D. Fla. Sept. 11, 2012) (reversing and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)).

In any event, moving on to the present matter, on April 16, 2015, I entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding this case to the Social Security Administration for further proceedings.   (Doc. 23).   Judgment was entered accordingly. (Doc. 24).   I also entered an order awarding attorney's fees to Ms. Fugate, under the Equal Access to Justice Act ("EAJA") in the sum of $4,477.78.[1]   (Doc. 29).

After that remand, Plaintiff was ultimately awarded past-due benefits in the amount of $247,222.  (Doc. 31-2).   The Commissioner withheld in escrow twenty-five percent of the award of past-due benefits to secure payment of attorney's fees, of which $6,000 was paid to Ms. Fugate for her work at the administrative level.   (Docs. 31 p.3; 31-2).   Ms. Fugate now seeks twenty-five percent of Plaintiff's past-due benefits and has filed a copy of her contingent fee agreement with Plaintiff to support this request.   (Docs. 31; 31-1).   After deducting the award Ms. Fugate received for her work at the administrative level ($6,000) and her previously received EAJA fees ($13,580.03 in total), she now requests $42,225.47 in fees (25% of $247,222 is $61,805.50, minus $6,000 and $13,580.03 is $42,225.47).   According to Ms. Fugate, the Commissioner has no objection to her request (Doc. 31 p.8), which she represents was timely filed (Doc. 31 p.6).

## II.    DISCUSSION

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the

---

[1] Further, Fugate received EAJA awards of $4,535.70 in case number 5:06-cv-71-Oc-GRL (see Doc. 16 in that case) and $4,966.55 in case number 6:10-cv-1765-Orl-DAB (see Doc. 30 in that case) for her work on Plaintiff's claims.   (Doc. 31 p.3).

claimant.   The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. § 406(b)(1).   As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002)—the Supreme Court's pronouncement concerning the award of 406(b) fees—courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.   "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate'" along with "'an attorney's willingness to take the case despite the risk of nonpayment.'"   *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D. N.Y. 2005) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

As such, when a court is called upon to assess the reasonableness of the award, "a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." *Id.* (citing *Gisbrecht*, 535 U.S. at 805).   In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Gisbrecht*, 535 U.S. at 808.   Finally, the Court may also consider the hours expended by counsel and his or her normally hourly rate, but "this data does not control the Court's determination of the requested fee's overall reasonableness." *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1363 (N.D. Ga. 2005).

The Court finds here that the requested attorney's fees are reasonable.   The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation she is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff.   In this regard, Ms. Fugate has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive twenty-five percent of all past due benefits awarded on appeal.   (Doc. 32-1).   Moreover, Ms. Fugate has submitted records showing that she spent more than seventy-seven hours on this case obtaining no less than three remands in this Court.   (Doc. 31-2).   The Court is satisfied that this fee award is reasonable in comparison to the amount of time and effort Plaintiff's counsel expended on this case and given the risks of contingent litigation.   *See, e.g.*, *Vilkas v. Comm'r of Soc. Sec.*, 2:03-cv-687-FTM-29DNF, 2007 WL 1498115 (M.D. Fla. May 14, 2007) (approving fees translating to an hourly rate of $1,121.86).

### III.   CONCLUSION

Accordingly, for these reasons, the Motion (Doc. 31) for Attorney's Fees Under 42 U.S.C. § 406(b) is **GRANTED**.   Section 406(b)(1) fees are approved for Plaintiff's counsel, Shea A. Fugate, in the sum of $42,225.47 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Ocala, Florida on February 3, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -